# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES RUHALLAH HARRISON,

Plaintiff,

v.

D. TARNOFF, et al.,

Defendants.

/

CASE NO. 1:11-cv-01527-AWI-GBC (PC)

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Doc. 1

THIRTY-DAY DEADLINE

## Screening Order

### I. Procedural History, Screening Requirement, and Standard

On August 17, 2011, Plaintiff James Ruhallah Harrison ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Plaintiff's Complaint**

In Plaintiff's complaint, he names defendants D. Tarnoff, Appeals Coordinator; A. Lane, Appeals Coordinator; J. Acebedo, Appeals Coordinator; S. Tallerico, Appeals Coordinator; and Cox, Correctional Counselor, who were employed at Kern Valley State Prison ("KVSP"). Compl at 1-3, Doc. 1.

On June 1, 2010, defendant Correctional Counselor Cox told Plaintiff to submit a letter for religious name change. *Id.* at 4. On June 3, 2010, Plaintiff asked correctional officer Dhot to inform Correctional Counselor Cox that he was finished with his letter. *Id.* Officer Dhot came back some time later and told Plaintiff that Cox said he is not accepting anything from Plaintiff. *Id.* When Plaintiff first told Cox that he wanted to change his name to a Muslim name his attitude changed, so Plaintiff was not surprised when Cox refused to process his letter. *Id.* On June 3, 2010, after Dhot told Plaintiff what Cox had said, Plaintiff filed a 602 complaint of misconduct. *Id.* On June 16, 2010, Plaintiff's complaint was rejected. *Id.* at 4, 10. On June 18, 2010, Plaintiff resubmitted the complaint as he was told to do. *Id.* at 4. Correctional Officer Scott gave the complaint to Cox and still did not receive a response from Cox. *Id.* On July 12, 2010, Plaintiff made another complaint against Cox and used his first complaint as proof. *Id.* On July 26, 2010, Plaintiff's appeal was unjustly rejected by defendant D. Tarnoff, Appeals Coordinator because Plaintiff gave the name of the correctional officer that gave it to Cox. *Id.* at 4, 14, 17. The decision notified Plaintiff to obtain an informal response from the correctional counselor and to attach letter with denial of name change. *Id.* at 14. On August 3, 2010, Plaintiff filed a complaint against Cox and Tarnoff and attached his 602, stating that it was never rendered and was not pending. *Id.* at 4. On October 14, 2010, Plaintiff's appeal was unjustly rejected past the appeal time limit by Tarnoff. *Id.* at 4, 20. The decision asked Plaintiff to include supporting documentation of the letter requesting name change. *Id.* at 20.

Plaintiff then sent his complaint to the inmate appeals branch, and on December 6, 2010, it was rejected because he did not process it at the institutional level. *Id.* at 5, 21. Plaintiff resubmitted his complaint, and on December 24, 2010, it was unjustly rejected by defendants A. Lane or Tarnoff. *Id.* at 5, 22. The decision notified Plaintiff that there was too great of a time lapse with no explanation as to why he could not timely file his appeal. *Id.* at 22. Plaintiff submitted an explanation and supporting documentation, and on January 11, 2011, defendant J. Acebedo rejected his complaint, stating the original appeal was submitted June 3, 2010 and Plaintiff attempted to submit a new appeal on October 4, 2010. *Id.* at 5, 34. On February 6, 2011, Plaintiff resubmitted his complaint, adding defendants Lane and Acebedo. *Id.* at 5. On March 29, 2011, his complaint was unjustly rejected by defendant S. Tallerico for failing to use the correct 602 appeal form. *Id.* at 5, 35,

39.

On April 17, 2011, Plaintiff resubmitted his appeal with a statement from correctional officer Sedlezky stating why Plaintiff did not have a 602 form. *Id.* at 5, 40. On April 22, 2011, Tallerico unjustly screened out his appeal. *Id.* at 5, 41. The decision stated that the appeal dated June 3, 2010 for name change was rejected on July 26, 2010. *Id.* at 41. On July 12, 2010, Plaintiff resubmitted the appeal, and it was rejected as a duplicate. *Id.* On August 3, 2010, Plaintiff resubmitted the appeal for not processing name changes rejected on October 14, 2010. *Id.* On January 11, 2011, the resubmitted appeal was cancelled for time. *Id.* Plaintiff resubmitted the appeal on March 29, 2011, and it was then over eighty days old. *Id.*

Plaintiff states he has attached the 602 forms to this complaint. *Id.* at 5. Plaintiff states that the dates cited by the appeals coordinator are incorrect; it could not have been eighty days old when they refused to process his appeal. *Id.* Defendants denied him due process. *Id.* The complaint on correctional officer Sedlezky for excessive force is in process, which was only due to Plaintiff adding him in this complaint. *Id.* He was unjustly sprayed by Correctional Officer Sedlezky behind this complaint and Plaintiff using him in this complaint. *Id.* at 4. Plaintiff is not spiritually complete or recognized by his Muslim name because of Cox and Tarnoff. *Id.*

Plaintiff seeks injunctive relief in the form of a religious name change from Kern Valley State Prison. *Id.* at 8.

## III. Legal Standard and Analysis for Plaintiff's Claims

### A. First Amendment Right Free Exercise of Religion and Linkage

Plaintiff desires a religious name change, and prison officials refuse to allow him to change his name.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v.Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by Shakur*, 514 F.3d

at 884-85. Prisoners are entitled under the First Amendment to use their religious and committed names on correspondence and other documents. *Malik v. Brown*, 16 F.3d 330, 333-34 (9th Cir. 1994). However, Plaintiff must allege sufficient facts to state a plausible First Amendment claim. *Iqbal*, 556 U.S. at 678-79. Left unclear by Plaintiff's amended complaint are the circumstances under which Plaintiff seeks to have his religious name recognized.[1] Further, it is unclear whether Plaintiff is challenging a rule or regulation, or a discretionary decision made by a prison official.

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff fails to link the named defendants to his name change injury. Defendants in the inmate appeals process may not be held liable under § 1983 for violating Plaintiff's First Amendment rights because they were not personally involved in granting or denying his name change request. Further, it does not appear that Plaintiff ever actually submitted a name change request to the prison. Plaintiff names Cox as a defendant, but it does not appear that Cox ever actually denied his name change request. Plaintiff appears to only complain of the administrative review of his inmate appeals. Due to these deficiencies, Plaintiff fails to state a claim for First Amendment Free Exercise.

**B. Inmate Appeals and Defendants Related to Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,

---

[1] For example, there is no indication Plaintiff legally changed his name and it is not clear if he merely seeks to use both names in his correspondence or whether he is seeking to have official records changed to his religious name.

997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff seeks to impose liability under the Fourteenth Amendment on individuals related to the inmate appeals process including D. Tarnoff, A. Lane, J. Acebedo, and S. Tallerico, Appeals Coordinators at Kern Valley State Prison. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

The appeals coordinators found that Plaintiff's inmate appeals failed to comply with time constraints or were duplicative. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91, 103 (2006). Thus, the complaint demonstrates that the defendants involved in the appeal process did not willfully turn a "blind eye" to constitutional violations but had a valid basis to reject Plaintiff's untimely appeal. *Jett*, 439 F.3d at 1098. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process and

individuals related to the inmate appeals process.

**C. Violation of State Prison Rules and Regulations**

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

**IV. Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

//

//

//

//

//

//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: September 6, 2012

UNITED STATES MAGISTRATE JUDGE