# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUHALLAH HARRISON,<br><br>  Plaintiff,<br><br>  vs.<br><br>D. TARNOFF, et al.,<br><br>  Defendants. | ) 1:11cv01527 AWI DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF CERTAIN<br>) CLAIMS AND CERTAIN DEFENDANTS<br>)<br>) THIRTY-DAY DEADLINE<br>)<br>) |

Plaintiff James Ruhalla Harrison, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 17, 2011.[1]  He names Kern Valley State Prison ("KVSP") Counselor Cox and Appeals Coordinators D. Tarnoff, A. Lane, J. Acebedo and S. Tallerico as Defendants.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] By separate order, the Court vacated the September 17, 2012, screening order and struck Plaintiff's September 24, 2012, First Amended Complaint.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

According to the Complaint, on June 1, 2010, Defendant Cox told Plaintiff that if he wanted to request a religious name change, he had to submit a letter to him. On June 3, 2010, Plaintiff asked Officer Dhot to tell Defendant Cox that he was done with his letter. Sometime later, Dhot told Plaintiff that Cox would not accept his letter. Plaintiff states that he was not

surprised by this because Defendant Cox's attitude "changed" when Plaintiff told him that he wanted to change to a Muslim name.

On June 3, 2010, Plaintiff submitted a 602 relating to Defendant Cox's refusal to take his letter. The appeal was rejected on June 16, 2010, because Plaintiff was not authorized to bypass any level. Plaintiff resubmitted the appeal on June 18, 2010, and pursuant to the instructions, he gave it to a Correctional Officer to give to Defendant Cox. Plaintiff did not get a response from Defendant Cox.

On July 12, 2010, Plaintiff filed another complaint against Defendant Cox, using his first complaint as proof. On July 26, 2010, Defendant Tarnoff unjustly rejected the appeal because Plaintiff had not attempted to resolve the issue at the informal level.

On August 3, 2010, Plaintiff filed a 602 against Defendants Cox and Tarnoff and indicated that he never received a response to his first 602. On October 14, 2010, Defendant Tarnoff rejected the appeal because Plaintiff failed to attach the letter requesting his name change.

Plaintiff then sent his complaint to the Inmate Appeals Branch, where it was rejected because Plaintiff had not filed it first at the institutional level.

Plaintiff submitted his appeal again, but it was rejected by Defendant Lane on December 24, 2010, because too much time had lapsed. Plaintiff resubmitted his complaint, but it was rejected on January 11, 2011, by Defendant Acebedo.

On February 2, 2011, Plaintiff resubmitted his 602 and added Defendants Lane and Acebedo. The complaint was rejected by Defendant Tallerico on March 29, 2011, because Plaintiff did not submit the appeal on approved forms.

Plaintiff resubmitted his appeal on April 17, 2011, and it was unjustly rejected on April 22, 2011, by Defendant Tallerico as time-barred.

Based on these facts, Plaintiff alleges violations of the First Amendment and due process. Plaintiff contends that he is not spiritually complete, and cannot be recognized by his Muslim name because of Defendants' actions. For relief, he requests a religious name change approval.

## C. ANALYSIS

### 1. First Amendment Claim

Inmates retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quotation marks omitted); Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir.2008). The protection of the Free Exercise Clause is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur, 514 F.3d at 884–85. However, because lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, Shakur, 514 F.3d at 884 (citing O'Lone, 482 U.S. at 348) (quotation marks omitted), any impingement on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest. Id. (citing Turner v. Safley, 482 U.S. 78, 89 (1987)) (quotation marks omitted).

The Ninth Circuit has recognized "that the adoption of Muslim names by converts to the Islamic faith is an exercise of religious freedom," Malik v. Brown, 16 F.3d 330, 333 (9th Cir.1994). Here, Plaintiff has alleged that he is not spiritually complete because he cannot be recognized by his Muslim name. He further alleges that Defendant Cox refused to accept paperwork for Plaintiff to accomplish the name change. Plaintiff states a First Amendment claim against Defendant Cox. He will be instructed on service by separate order.

### 2. Defendants Tarnoff, Lane, Acebedo and Tallerico

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish

4

that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Here, Defendants Tarnoff, Lane, Acebedo and Tallerico were involved only in the processing of Plaintiff's numerous appeals. Because there is no constitutionally protected right to a prison grievance process, the alleged failure of Defendants Tarnoff, Lane, Acebedo and Tallerico to process Plaintiff's grievances, once filed, does not state a claim for denial of due process. This claim cannot be cured through amendment and the claim, as well as Defendants Tarnoff, Lane, Acebedo and Tallercio, should be dismissed. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### D.     **FINDINGS AND RECOMMENDATIONS**

The Court finds that Plaintiff's complaint states cognizable claims against Defendant Cox for violation of the First Amendment. It does not, however, state any due process claims, or any claims against Defendants Tarnoff, Lane, Acebedo and Tallerico. This deficiency cannot be cured. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). As explained above, Plaintiff will be instructed on service in a separate order.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's due process claims BE DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983. Defendants Tarnoff, Lane, Acebedo and Tallerico should also BE DISMISED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2013**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE