# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUHALLAH HARRISON,<br><br>    Plaintiff,<br><br>  vs.<br><br>D. TARNOFF, et al.,<br><br>    Defendants. | 1:11cv01527 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS<br><br>(Document 21) |

Plaintiff James Ruhalla Harrison ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2013, the Magistrate Judge issued Findings and Recommendations to regarding dismissal of certain claims and Defendants.  The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within thirty days.  On May 13, 2013, Plaintiff filed timely objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's

1

objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

The Magistrate Judge found a cognizable First Amendment claim against Defendant Cox and documents have been forwarded to the United States Marshal for service.

The Magistrate further found that Plaintiff failed to state a due process claim, or any claim, against Defendants Tarnoff, Lane, Acebedo and Tallerico.  The Court explained that Defendants were involved only in the processing of Plaintiff's numerous appeals, and because there is no constitutionally protected right to the prison grievance process, there is no due process claim.

In his objections, Plaintiff contends that the CDCR Regulations permitting appeals constitutes a protected right under the Due Process Clause.  He is incorrect.  A prisoner has no substantive right to a prison grievance system and, therefore, due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Indeed, in his objections, Plaintiff characterizes his due process claim as one based on Defendants' "refusal to process Plaintiff's appeal. . ." and he cites his "liberty interest" in the right to file an appeal.  Obj. 2.

To the extent that Plaintiff argues that Defendants, by virtue of their failure to process his appeals, were also involved in the denial of his First Amendment religious right, his argument also fails.  In limited situations, individuals who deny a prisoner's appeal and who had the authority and opportunity to prevent an ongoing constitutional violation, may be subject to liability under section 1983.  To state such a claim, a plaintiff must allege that the individual knew about an existing or impending violation and failed to prevent it.  Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under § 1983 if he knew of a violation and failed to act to prevent it).  Plaintiff makes no such allegations in his complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 22, 2013, are ADOPTED in full;
2. This action shall proceed on Plaintiff's First Amendment claim against Defendant Cox; and
3. Plaintiff states no further cognizable claims and therefore Defendants Tarnoff, Lane, Acebedo and Tallerico are DISMISSED from this action.

IT IS SO ORDERED.

Dated:  May 15, 2013

SENIOR  DISTRICT  JUDGE