UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUHALLAH HARRISON,<br><br>        Plaintiff,<br><br>    v.<br><br>COX, et al.,<br><br>        Defendants. | Case No.: 1:11cv01527 AWI DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(Document 33) |

Plaintiff James Ruhallah Harrison ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 17, 2011. This action is proceeding against Defendant Cox for violation of the First Amendment.

On October 4, 2013, Defendant filed an unenumerated Rule 12(b) Motion to Dismiss based on exhaustion.[1] Defendant also argues that the action should be dismissed for failure to state a claim[2]

---

[1] In Defendant's October 4, 2013, notice, filed concurrently with his Motion to Dismiss, Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

[2] Given the Court's disfavor of 12(b)(6) motions for failure to state a claim where a reasoned screening decision exists, and the fact that this action can be dismissed based on exhaustion, the Court will not reach the merits of Defendants' failure to state a claim argument.

1

and/or on the basis of qualified immunity.[3]  Plaintiff opposed the motion on November 4, 2013, and Defendant filed his reply on November 12, 2013. Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

## A.  LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

---

[3] In the relief section of his complaint, Plaintiff requests injunctive relief, declaratory relief and "prospective relief." The Court does not read this as a request for monetary damages, and Defendant's qualified immunity argument is therefore moot.

### B. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to January 28, 2011, in order to exhaust all available remedies, an inmate was required to proceed through an informal level of review, and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5 (Oct. 15, 2009). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

### C. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on June 1, 2010, Defendant Cox told Plaintiff that if he wanted to request a religious name change, he had to submit a letter to him. On June 3, 2010, Plaintiff asked Officer Dhot to tell Defendant Cox that he was done with his letter. Sometime later, Officer Dhot told Plaintiff that Defendant Cox would not accept his letter. Plaintiff states that he was not surprised by this because Defendant Cox's attitude "changed" when Plaintiff told him that he wanted to change to a Muslim name.

Plaintiff contends that he is not spiritually complete, and that he cannot be recognized by his Muslim name because of Defendant Cox's actions.

### D. DISCUSSION

Defendant's motion is based on his contention that between June 1, 2010, the date of the alleged incident, and August 17, 2011, the date this action was filed, Plaintiff did not submit any appeal raising the issue in this complaint to the Third Level of Review. Although Plaintiff submitted two appeals that were accepted at either the Second or Third Level, neither appeal raised the incident with Defendant Cox. Specifically, Plaintiff submitted one appeal relating to the use of excessive force that was accepted by the Second Level of Review on June 21, 2011. Tallerico Decl. ¶¶ 4-5, Ex. A, B. Plaintiff submitted another appeal relating to the failure to transfer his property that was accepted by the Third Level of Review on February 2, 2011. Lozano Decl. ¶¶ 8-9, Ex. A, B.

The parties agree that the above appeals did not exhaust the sole issue in this action. The parties also agree that Plaintiff attempted to submit numerous appeals relating to Defendant Cox's alleged refusal to accept a name change request. Pursuant to the exhibits attached to Plaintiff's complaint and his opposition, it appears that he submitted at least three appeals complaining of Defendant Cox's refusal to take his letter.

On June 3, 2010, Plaintiff submitted a 602 relating to Defendant Cox. The appeal was rejected on June 16, 2010, because Plaintiff bypassed the informal level of review and was not authorized to do so.

On July 12, 2010, Plaintiff resubmitted the appeal. In this appeal, Plaintiff first states that he did not know he had to first submit the 602 to Defendant Cox. Plaintiff then explained that on June 18, 2010, he gave an original 602 to a Correctional Officer for delivery to Defendant Cox. He further explained that he had not received a response from Defendant Cox, and that the time for responding had passed. On July 26, 2010, the appeal was rejected because Plaintiff had not included evidence of an attempt to resolve the problem at the informal level. Plaintiff was instructed to "obtain informal response from CCI and attach letter with denial of name change."

On August 3, 2010, Plaintiff resubmitted the 602 and explained that he had submitted evidence of his attempt at an informal resolution. Specifically, Plaintiff had attached his original 602, which was the same as the one he gave to Defendant Cox for informal review. Plaintiff also explained that he does not have a letter denying his name change because Defendant Cox never accepted his request. On October 14, 2010, the appeal was rejected because Plaintiff failed to attach the "letter requesting his name change."

Plaintiff then sent these three 602s to the Third Level of Review. The 602s were received at the Third Level on November 3, 2010. On December 6, 2010, the Third Level of Review rejected them because Plaintiff had not filed first at the institutional level.

Plaintiff submitted his appeal again, but it was rejected at the First Level on December 24, 2010, because too much time had lapsed. Plaintiff was instructed that if he wanted to pursue the matter further, he had to submit an explanation and supporting documentation as to why he did not file a timely appeal.

Plaintiff submitted two additional 602s, but these were related to his contention that he was being denied his right to appeal.

Based on these facts, Defendant correctly concludes that Plaintiff did not fully exhaust an appeal relating to Defendant Cox's refusal to accept his letter. Defendant has therefore met his burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt, 315 F.3d at 1119.

The burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

In his opposition, Plaintiff does not contest Defendant's facts. Rather, he argues that he "did everything in his power" to follow the procedural requirements. However, Plaintiff believes that the screen-outs were excuses to "stonewall" him from exhausting. Opp. 3. Plaintiff contends that each time, he made the required corrections, but his appeals were rejected for new and different reasons in an attempt to deter him from exhausting. Therefore, Plaintiff argues that the exhaustion process was unavailable to him.

Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). However, in this Circuit the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or

5

grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-24.

As an initial matter, Plaintiff does not specifically identify any instances of improper screen outs. Rather, as Defendant has done, the Court has attempted to piece together his appeals and reviewed the reasons for rejections. There is no question that Plaintiff's first appeal, dated June 3, 2010, was rejected for proper reasons because Plaintiff admitted in his next appeal that he did not know he had to present the appeal to Defendant Cox for informal review.

Plaintiff appears to believe that he corrected the issue in his July 12, 2010, appeal when he explained that he gave the 602 to Defendant Cox, but he did not respond. As Defendant notes, there are two July 26, 2012, screen-out letters, and it is unclear which relates to the July 12, 2010. One of the screen-out letters states that the appeal is a duplicate, while the other states that Plaintiff failed to "include evidence of an attempt to resolve the problem at the Informal Level." Given Plaintiff's belief that he attempted to correct all deficiencies, the response to the July 12, 2010, appeal appears to be the screen-out based on his failure to attempt to resolve the issue at the informal level.

The Court disagrees with the appeals coordinator's finding that Plaintiff failed to submit evidence of attempting resolution at the informal level. Plaintiff's statement setting forth his attempts should have sufficed. However, there is a valid deficiency- Plaintiff did not attach any supporting documentation for his underlying claim. Accordingly, the appeal was screened-out for a valid reason.

The Court notes that the July 26, 2012, screen-out letter instructs Plaintiff to submit the "letter with *denial* of name change" with his next appeal. In his next appeal, dated August 3, 2010, it was reasonable for Plaintiff to explain that he did not have a letter *denying* the name change because Defendant Cox never accepted the request. Plaintiff also again explains his attempts at resolution at the informal level. In the October 14, 2010, screen-out, the appeals coordinator explained that Plaintiff's appeal was incomplete because he did not attach supporting documentation. Correcting the description of the letter, the appeals coordinator instructed Plaintiff to "Please attach letter *requesting* name change."

Instead of following the instructions and attaching the letter he prepared for Defendant Cox regarding his name change request, Plaintiff sent the June 3, July 12, and August 3, 2010, appeals

directly to the Third Level, where they were ultimately rejected for failing to complete the appeal process at the institutional level. Plaintiff does not provide any explanation as to why he did not follow the instructions.

Plaintiff submitted his appeal again, but it was rejected at the First Level on December 24, 2010, because too much time had lapsed. Plaintiff was instructed that if he wanted to pursue the matter further, he had to submit an explanation and supporting documentation as to why he did not file a timely appeal.

In a letter dated December 29, 2010, and attached to his opposition, Plaintiff appears to contest the December 24, 2010, screen-out. Plaintiff contends that an appeal alleging employee misconduct must be filed within one year pursuant to Title 15, section 3391(b) of the California Code of Regulations. Plaintiff characterizes his appeal as alleging employee misconduct by the appeals coordinators. However, section 3391(b) applies to "an allegation by a *non-inmate* of misconduct by a departmental peace officer..."

Based on the Court's interpretation of the exhibits, as well as Plaintiff's failure to articulate his argument with any specificity, the Court finds that Plaintiff has failed to carry his burden of demonstrating an excuse to the exhaustion requirement. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224. Accordingly, his claim is unexhausted and must be dismissed.

### E. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss, filed October 4, 2013, be GRANTED; and
2. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised

7

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   <u>February 3, 2014</u>               /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE