**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES RUHALLAH HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>COX, et al.,<br><br>    Defendants. | Case No.: 1:11cv01527 AWI DLB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS (Document 38)<br><br>ORDER CONVERTING DEFENDANT'S UNENUMERATED 12(B) MOTION TO DISMISS BASED ON EXHAUSTION TO MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DIRECTING PARTIES TO NOTIFY THE COURT WHETHER ADDITIONAL DISCOVERY IS NEEDED WITHIN THIRTY (30) DAYS<br><br>NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' SUMMARY JUDGMENT MOTION |

Plaintiff James Ruhallah Harrison ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 17, 2011. This action is proceeding against Defendant Cox for violation of the First Amendment.

On February 3, 2014, the Court issued Findings and Recommendations that Defendant's October 4, 2013, Motion to Dismiss for failure to exhaust be granted.

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, pursuant to Albino, the Court VACATES the February 3, 2014, Finding and Recommendations and CONVERTS the exhaustion portion of Defendant's Motion to Dismiss into a Motion for Summary Judgment. Within thirty (30) days of the date of service of this order, the parties SHALL inform the Court whether any additional discovery is needed related to exhaustion, and if so, what type of discovery.[1] Fed. R. Civ. Proc. 56(d).

Once the discovery issue is addressed, the Court will set a further briefing schedule for the Motion for Summary Judgment. The parties are relieved of their obligation to file a Separate Statement of Undisputed Facts.

The Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion[2]:

1. A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the

---

[1] The Court notes that the exhaustion issue appears to be fully briefed, but, in the interests of Rule 56(d), the Court will consider requests for further discovery.

[2] Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. Jul. 6, 2012); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). The requirements have been tailored to fit the circumstances of this action.

facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

2. Plaintiff has the right to oppose a motion for summary judgment.  To oppose the motion, Plaintiff must show proof of his claims.  Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his claims; (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are; or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

3. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion.  Fed. R. Civ. P. 56(d).  Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment.  Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006);  State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment.  Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100-01; Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

4. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

IT IS SO ORDERED.

Dated: **April 16, 2014**                             /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE